968 F.2d 1211
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Margie M. KITTLE, Petitioner,
v.
DIRECTOR, Office of Workers Compensation Programs, United
States Department of Labor, Respondent.
 No. 92-1175.
 United States Court of Appeals,
Fourth Circuit.
 submitted: May 29, 1992
Decided: July 10, 1992
 
 Margie M. Kittle, Petitioner Pro Se.
 Patricia May Nece, Christian P. Barber, United States Department of Labor, Washington, D.C., for Respondent.
 Before WIDENER, HALL, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 
 1
 Margie Kittle, widow of William Looney, a former coal miner, appeals from an order of the Benefits Review Board ("Board") dismissing her appeal from a proposed decision and order of the deputy commissioner denying her claim for survivor's benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901-45 (West 1986 & Supp. 1991). Mrs. Kittle's first survivor's claim was denied in 1983 based on controlling law, subsequently overruled, stating that her second marriage (to Milo Kittle) permanently terminated her eligibility for survivor's benefits even though her second marriage had ended. She filed a second claim in 1987 which was denied by a deputy commissioner on the ground that it constituted a "duplicate claim" within the meaning of 20 C.F.R. § 725.309(d). Mrs. Kittle's request for modification of this decision was also denied.
 
 
 2
 Mrs. Kittle next requested a formal hearing before an administrative law judge ("ALJ"), but was informed that the law required her to appeal the deputy commissioner's decision directly to the Board. During the pendency of her appeal before the Board, the Board issued its decision in Dotson v. Director, Office of Workers' Compensation Programs, 14 BLR 1-10 (1990), which overruled case law which permitted direct appeals to the Board in duplicate claims cases, and provided for the right to a de novo hearing before an ALJ in such cases. Despite its ruling in Dotson, however, the Board found that remanding Mrs. Kittle's claim for a hearing was unnecessary because it was procedurally barred in any event under the provisions of § 725.309.
 
 
 3
 While we do not take issue with the Board's determination that Mrs. Kittle's second claim constitutes a duplicate claim within the meaning of § 725.309, we disagree with its conclusion that this regulatory provision requires dismissal of her claim. The cited provision merely codifies the principle of res judicata. See Lukman v. Director, Office of Workers' Compensation Programs, 896 F.2d 1248, 1253-54 (10th Cir. 1990). It is settled that res judicata is an affirmative defense which must be affirmatively raised. See Huffman v. Pursue, Ltd., 420 U.S. 592 (1975); Blonder-Tongue Labs., Inc. v. University of Illinois Found., 402 U.S. 313 (1971). Failure to raise the defense results in waiver. See Huffman, 420 U.S. at 607-08, n.19; Crowe v. Cherokee Wonderland, Inc., 379 F.2d 51, 54 (4th Cir. 1967).
 
 
 4
 In view of these principles, it follows that reliance on § 725.309 may be waived. See Jordan v. Director, Office of Workers' Compensation Programs, 892 F.2d 482 (6th Cir. 1989); Clark v. Director, Office of Workers' Compensation Programs, 838 F.2d 197 (6th Cir. 1988). In this case, the Director has expressly waived reliance on § 725.309. In view of this waiver, we find that § 725.309 does not operate to bar Mrs. Kittle's second claim. Since her claim is not procedurally barred, Mrs. Kittle is entitled to a de novo hearing before an ALJ. Accordingly, the decision of the Board is vacated and the claim is remanded to the Board for further remand to an ALJ so that he may conduct a hearing on Mrs. Kittle's second claim. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED